UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAMONTE E. WILSON,

    Plaintiff,

v.

MARGARITA PEREZ; et al.,

    Defendants.

No. C 10-0073 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Lamonte E. Wilson, an inmate at the Correctional Training Facility in Soledad, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

According to the complaint, Wilson was sentenced in 1991 to 25 years to life in prison upon his conviction for first degree murder. He had his initial parole hearing on November 15, 2005. He "was indistinctly told" that his "eligible parole date" was May 17, 2006, and that "barring any disparage he 'had good chances for parole.'" Complaint, p. 6. On October 26, 2009, he attended his second BPH suitability hearing. At this hearing, he "did not normally have his parole release date fixed or calculated," and defendant BPH commissioner Prizmich "rendered his verdict redundantly and repeatedly reconvicting plaintiff for the same crime he was convicted of almost 2 decades prior." Id.

Although Wilson does not allege that he was found not suitable for parole in 2009, that apparently occurred, as his complaint concerns in part the failure to set a date for parole.

The complaint concerns the parole consideration proceedings, but also appears to attempt to challenge the parole system in general.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In some situations, a prisoner may challenge parole procedures in a civil rights action rather than a habeas action. In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Court held that a prisoner may bring a § 1983 action for declaratory and injunctive relief challenging the constitutionality of state parole procedures, and is not always required to seek relief via a federal habeas petition. Wilkinson v. Dotson concerns the form of action – i.e., a civil rights complaint or habeas petition – that can be used by prisoners to make certain legal challenges and did not create any substantive rights. At this point, there are so many parts of Wilson's complaint that the court does not understand that the court is unable to determine that plaintiff's claims cannot proceed in a civil rights action.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The court is unable to understand the meaning of large portions of the complaint. See, e.g., Complaint, ¶¶ 30, 35, 38, 45-46, 50, and 55-56; and footnotes 3 and 4. The complaint fails

2

to state a claim upon which relief may be granted. An amended complaint is necessary. The court will discuss several areas where there are legal deficiencies and then will provide guidance for the preparation of the amended complaint.

A. <u>The Legal Deficiencies</u>

First, plaintiff contends that parole authorities have improperly failed to apply California Penal Code § 3041(a) to him. He misunderstands California law. A BPH panel meets with an inmate one year before the prisoner's minimum eligible release date "and shall normally set a parole release date. . . . The release date shall be set in a manner that will provide uniform terms for offenses of similar gravity and magnitude in respect to their threat to the public, and that will comply with the sentencing rules that the Judicial Council may issue and any sentencing information relevant to the setting of parole release dates." Cal. Penal Code § 3041(a). Significantly, that statute also provides that the panel "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Penal Code § 3041(b). The statutory scheme places individual suitability for parole above a prisoner's expectancy in early setting of a fixed date designed to ensure term uniformity. <u>In re Dannenberg</u>, 34 Cal. 4th 1061, 1070-71 (Cal. 2005). Under state law, therefore, subsection (a) is not reached until after subsection (b). <u>See id.</u> at 1070-71. Wilson's complaint indicates that he was found not suitable for parole. Without a determination that the inmate is suitable for parole under § 3041(b), there is no reason for the BPH to reach § 3041(a) and determine that inmate's term and set a release date. The claim that the BPH improperly has failed to apply § 3041(a) to his case is DISMISSED.[1]

---

[1] His complaint also mentions California Penal Code § 2933. That section pertains to the calculation of time credits. <u>See</u> Complaint, p. 5. It is unclear but it appears that Wilson might be contending that he is entitled to have his term set with the time credits applied to it. If so, that claim falls for the same reason as his argument about Penal Code § 3041(a). That is, since a term does not need to be set, the time credit calculation part of that term-setting does not need to performed.

3

Second, Wilson appears to claim that he was entitled to be released on May 17, 2006. That, according to his allegations, was his minimum eligible parole date. The minimum eligible parole date is the very least amount of time the inmate can expect to be in prison; release from custody is not legally required on that date. A life inmate is not entitled to release unless he is found suitable for parole, see Cal. Penal Code § 3041(b). Wilson had no right to release on the minimum eligible parole date because he had not been found suitable for parole. The claim is DISMISSED.

Third, Wilson claims that the defendants violated his right to be free from double jeopardy by punishing him for the same crime without due process. A denial of parole is not punishment for double jeopardy purposes. See Alessi v. Quinlan, 711 F.2d 497, 501 (2d Cir. 1983) (denial of parole "is neither the imposition nor the increase of a sentence, and it is not punishment for purposes of the Double Jeopardy Clause"). Wilson's sentence on his first degree murder conviction was 25-to-life. The BPH has not increased the punishment beyond that set when he was sentenced in 1991. Therefore, the BPH's decision did not violate the Double Jeopardy Clause. The claim is DISMISSED.

Fourth, Wilson claims that the denial of parole amounts to cruel and unusual punishment This claim is DISMISSED. Any amount of years he must spend in prison on his life sentence for a murder does not amount to cruel and unusual punishment. See generally Graham v. Florida, 130 S. Ct. 2011, 2021 (2010) (8th Amendment prohibits barbaric punishments but most of the Court's precedents "consider punishments challenged not as inherently barbaric but as disproportionate to the crime. The concept of proportionality is central to the Eighth Amendment."); Harris v. Wright, 93 F.3d 581, 584 (9th Cir. 1996) (sentence of life without parole for 15-year-old murderer does not raise inference of gross disproportionality). The failure to release Wilson on parole – so that he will serve less than life in prison – does not violate the Eighth Amendment.

Fifth, there is a problem with the defendants. Insofar as Wilson is attempting to sue the individual BPH commissioners for their acts in conducting his parole hearings, those claims are DISMISSED. The state parole board officials have absolute quasi-judicial immunity when they

4

act to grant, deny or revoke parole, because such actions are functionally comparable to those of judges. Sellars v. Procunier, 641 F.2d 1295, 1302-04 (9th Cir. 1981); Anderson v. Boyd, 714 F.2d 906, 908-09 (9th Cir. 1983). If he wishes to sue them for some acts other than their activities conducting the parole hearings for him, he should include such allegations in his amended complaint.

Sixth, insofar as Wilson is attempting to sue the Governor for his decisions not to overturn the BPH's decisions to find Wilson not suitable for parole, those claims are DISMISSED. The Governor's review of parole decisions regarding prisoners convicted of murder pursuant to his authority under Article V, § 8(b) of the California Constitution and California Penal Code § 3041.2 is functionally comparable to the role of a judge and, accordingly, he is entitled to absolute quasi-judicial immunity for that review. Miller v. Davis, 521 F.3d 1142, 1147 (9th Cir. 2008). It does not matter that he may have acted in excess of his authority, as long as he did not act in the clear absence of all jurisdiction. Id. at 3432. If Wilson wishes to sue the Governor for something other than his decision not to reverse the BPH, he should include such allegations in his amended complaint.

Seventh, he suggests that California's Proposition 9 was improperly retroactively applied to him. See Complaint, p. 11. In his amended complaint, he must allege facts showing what happened to him that was a result of the enactment of the law covered by Proposition 9. For example, if he claims that the next parole hearing will be held at a later date, he needs to identify the number of years before that hearing is set to occur. He also needs to explain what relief he is seeking for the alleged ex post facto violation that occurred as the result of the application of Proposition 9 to him.

/ / /

/ / /

5

B.      The Amended Complaint

In his amended complaint, Wilson must use great care to state his claims more clearly. The court cannot grant relief – or order service on the defendants – if it does not understand what the plaintiff is claiming. Plaintiff should explain what each defendant did or failed to do that violated his constitutional right(s) and state when each event occurred. He should refer to each defendant by name, and not as a group, e.g., "the defendants."

Plaintiff is cautioned that there is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has included Doe defendants in this action. It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Wilson must take steps promptly to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the court in an amendment to his pleading that explains what each such person did or failed to do that caused a violation of his constitutional rights. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants.

Finally, plaintiff is cautioned that if he wants to challenge the 2009 parole denial (e.g., by alleging the evidence was insufficient to support the decision), he needs to file a habeas corpus petition after he exhausts state court remedies for each claim he wishes to present. While a civil rights action is available under Wilkinson v. Dotson, supra, to challenge parole procedures and perhaps to obtain another parole hearing, the normal way to challenge a parole denial decision is to file a habeas petition.

6

**CONCLUSION**

For the foregoing reasons, the complaint fails to state a claim upon which relief may be granted and is dismissed with leave to amend. The amended complaint must be filed no later than **November 5, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: September 27, 2010

_____
SUSAN ILLSTON
United States District Judge